UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| WILLIAM DAHN, Next Friend, Natural Guardian as Next of Kin and Brother of DONALD RICHARD DAHN,<br><br>    Petitioner,<br><br>v.<br><br>D. MENDEN, Scott County Sheriff and SCOTT COUNTY,<br><br>    Respondents. | Civil No. 06-676 (JNE/FLN)<br><br>**REPORT AND RECOMMENDATION** |

This action was initiated on February 21, 2006, when William Dahn filed an application for a writ of habeas corpus on behalf of Donald Richard Dahn, who allegedly is in custody at the Scott County Jail in Shakopee, Minnesota.  (William Dahn and Donald Richard Dahn are referred to collectively as "Petitioners.")  The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that this action be DISMISSED WITHOUT PREJUDICE.

When this matter initially came before the Court for preliminary review, pursuant to Rule 4 of the Rules Governing Section 2254 Cases In the United States District Courts, the Court found that Petitioners were not actually challenging the fact or duration of Donald Richard Dahn's confinement, but rather, they were challenging the conditions of his confinement.  Because habeas corpus is not an appropriate remedy for a prisoner's "conditions of confinement" claims, the original petition was summarily dismissed without prejudice pursuant to Rule 4.  (See Order dated February 28, 2006; [Docket No. 2].)

Petitioners were granted leave to file an amended pleading, to be prepared and submitted as a non-habeas civil rights complaint. They were also directed to either (a) pay the filing fee due for a non-habeas civil action, (i.e., an additional $245.00), or (b) apply for leave to proceed in forma pauperis, ("IFP"), and pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). The Court's order expressly advised Petitioners that if they did not satisfy these requirements by March 24, 2006, they would be deemed to have abandoned this action, and it would be recommended that the action be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

The deadline for complying with the Court's prior order has now expired. Although Petitioners have submitted several documents since that order was entered, they have not filed the Amended Complaint that the order required.[1] Therefore, it is now recommended, in accordance with the Court's prior order, that Petitioners be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

---

[1] The Court further notes that although Petitioners' recent submissions include several IFP applications, none of those applications are legally sufficient, because they do not provide the certified prisoner trust account information required by 28 U.S.C. § 1915(a)(2). Furthermore, Petitioners have not tendered any initial partial filing fee as required by 28 U.S.C. § 1915(b)(1). Thus, Petitioners have not only failed to comply with the amended complaint requirement imposed by the prior order, but they have also failed to comply with the IFP/filing fee requirement.

This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: April 3, 2006

                                                s/ *Franklin L. Noel*
                                                FRANKLIN L. NOEL
                                                United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **April 20, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.